# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **Marvin Hernandez Amaya,** | § | |
| *Petitioner* | § | |
| | § | |
| **v.** | § | **Case No. 1:26-cv-00768-ADA-SH** |
| | § | |
| **Charlotte Collins *in her official capacity*** | § | |
| ***as Warden of T. Don Hutto Detention*** | § | |
| ***Center*, *et al.*,** | § | |
| *Respondents* | § | |
| | § | |

## ORDER

Before the Court is Petitioner Marvin Hernandez Amaya's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed March 27, 2026 (Dkt. 1).[1]

Section 2243 instructs:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not to exceed twenty days, is allowed." 28 U.S.C. § 2243.

Petitioner alleges that he is entitled to a writ because (1) his detention without legal justification and without a chance to seek redetermination of his custody status violates his rights to substantive and procedural due process guaranteed by the Fifth Amendment; (2) his detention violates the

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 2.

Administrative Procedure Act; (3) Respondents violated his First Amendment right to privacy; and (4) he qualifies for relief from removal. Dkt. 1 at 6-7. Petitioner asks the Court to grant the writ of habeas corpus ordering Respondents to release Petitioner immediately. *Id.* at 7.

In accordance with § 2243, the Court **ORDERS** Respondents to show cause in writing **on or before Tuesday, April 7, 2026**, why the Court should not grant Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1).[2]

This Magistrate Judge **ORDERS** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States or (2) transfer Petitioner to any facility outside the boundaries of the Austin Division of the Western District of Texas until the Court orders otherwise or this case is closed. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."). This is not to be construed as a temporary restraining order but as an exercise of the Court's inherent power to preserve its ability to hear the case. *See Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2-3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

**IT IS ORDERED** that the Clerk of Court shall furnish the Office of the United States Attorney in San Antonio, Texas with copies of the Petition for Writ of Habeas Corpus (Dkt. 1) and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process on the Federal Government Respondents.

---

[2] District courts may amend the timeline laid out in § 2243 when necessary for "equitable and prudential considerations." *Lan v. U.S. Immigr. & Customs Enf't*, No. 1:22-CV-05691, 2022 WL 15524695, at *1 (W.D. La. Oct. 26, 2022). "[I]t is well-settled that the strict time limit prescribed by § 2243 is 'subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases,' which are applicable to petitions filed under § 2241." *Diaz-Ortega v. Lund*, No. 1:19-CV-670-P, 2019 WL 13292924, at *1 (W.D. La. June 28, 2019). As discussed, because this case centers on a statutory interpretation, and recognizing the serious consequences of continued allegedly wrongful detention, the Court finds that the timeline suggested in § 2243 is both equitably and prudentially appropriate.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve Respondent Charlotte Collins, Warden of T. Don Hutto Detention Center, with copies of the Petition for Writ of Habeas Corpus (Dkt. 1) and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process.

**SIGNED** on April 2, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE