**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Marvin Hernandez Amaya,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 1:26-CV-768-ADA-SH** |
| | § | |
| **ICE, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Marvin Hernandez Amaya's ("Petitioner") Petition for Writ of Habeas Corpus under 26 U.S.C. § 2241, filed on March 27, 2026. Dkt. No. 1. On April 2, 2026, this Court ordered the Federal Respondents to show cause as to why the petition should not be granted. Dkt. No. 3. Respondents filed their response on April 14, 2026. Dkt. No. 6. Having considered the parties' arguments, the applicable law, and the relevant facts, the Court finds Petitioner's Petition for Writ of Habeas Corpus should be denied.

The Fifth Circuit has rejected Petitioner's statutory arguments in *Buenrostro-Mendez v. Bondi*, which is binding precedent on this Court. No. 25-20496,166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). The Court finds it is bound by the Fifth Circuit's recent decision in *Buenrostro-Mendez* and that Petitioner is lawfully detained under § 1225 rather than § 1226.

The Court has likewise denied similar habeas relief on constitutional grounds, as well as challenges brought under the Administrative Procedure Act. *See Rodriguez Hernandez v. Collins, et al.*, No. 1:26-CV-00289-ADA-ML (W.D. Tex. Mar. 9, 2026). The Court incorporates by reference its prior analysis denying habeas relief in *Rodriguez Hernandez.* For the reasons stated

previously and incorporated herein, the Court finds that Petitioner's requested relief should be denied.

The Court also notes the unique procedural posture of Petitioner's case, as outlined in Respondents' Response. Dkt. No. 6 at 4-6. To the extent Petitioner is challenging prolonged detention under *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001), the Court finds that it is properly resolved under the same framework applied by the Court in resolving the mandatory detention issue, given that the most recent appeal is still pending in Petitioner's removal proceedings. *See* Dkt. No. 6-12, Ex. K Filing Receipt for Appeal.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED.** All other requested relief is hereby denied.

**SIGNED** on June 9, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE